

# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

SUE P. FAHAMI
Executive Assistant United States Attorney
Nevada Bar No. 5634
STEVEN J. ROSE
Assistant United States Attorney
Nevada Bar No. 13575
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Steven.Rose@usdoj.gov
*Attorneys for the United States*

RECEIVED
FILED          SERVED ON
ENTERED     COUNSEL/PARTIES OF RECORD

OCT 15 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HUA XIAO,<br>  aka "Ashley,"<br><br>JIANMING LI,<br>  aka "Mia,"<br><br>CHENG CHENG LIU,<br>  aka "Emily,"<br><br>and<br><br>JISUP HWANG,<br>  aka "Jay,"<br>  aka "J,"<br><br>    Defendants. | **SEALED<br>CRIMINAL INDICTMENT**<br><br>Case No.: 2:25-cr-0313-GMN-MDC<br><br>**VIOLATIONS:**<br><br>18 U.S.C. § 1956(h) – Money Laundering Conspiracy<br><br>18 U.S.C. §§ 1952(a)(1) and (3) – Travel and Use of Facility of Interstate Commerce in Aid of Racketeering Enterprise<br><br>18 U.S.C. § 1343 – Wire Fraud<br><br>18 U.S.C. § 2 – Aiding and Abetting |

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE
Conspiracy to Money Launder
(18 U.S.C. § 1956(h))

Beginning on a date unknown, and continuing through on or about October 15, 2025, in the State and Federal District of Nevada and elsewhere,

**HUA XIAO,**
**aka "Ashley,"**
**JIANMING LI,**
**aka "Mia,"**
**CHENG CHENG LIU,**
**aka "Emily,"**
**and**
**JISUP HWANG,**
**aka "Jay,"**
**aka "J,"**

defendants herein, and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed with each other to commit the following offenses against the United States:

A.     To knowingly move by wire and other means, in and affecting interstate commerce, funds constituting criminally derived property and derived from specified unlawful activity, namely Travel and Use of a Facility of Interstate Commerce in Aid of Racketeering Enterprise, in violation of Title 18, United States Code, Sections 1952 (a)(1) and (3), with the intent to promote the carrying on of that specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and

B.     To knowingly move by wire and other means, in and affecting interstate commerce, funds constituting criminally derived property and derived from specified unlawful activity, namely Travel and Use of a Facility of Interstate Commerce in Aid of Racketeering Enterprise, in violation of Title 18, United States Code, Sections 1952 (a)(1) and (3), with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specific unlawful activity, in violation of

1   Title 18, United States Code, Section 1956(a)(1)(B)(i).

2        All in violation of Title 18, United States Code, Section 1956(h).

3

## COUNT TWO
Travel and Use of Facility of Interstate Commerce in Aid of Racketeering Enterprise
(18 U.S.C. §§ 1952(a)(1) and (3) and 2)

4

5        Beginning on a date unknown, and continuing through on or about October 15,

6  2025, in the State and Federal District of Nevada, and elsewhere,

7

**HUA XIAO,**
**aka "Ashley,"**
**JIANMING LI,**
**aka "Mia,"**
**CHENG CHENG LIU,**
**aka "Emily,"**
**and**
**JISUP HWANG,**
**aka "Jay,"**
**aka "J,"**

8

9

10

11

12

13

14  defendants herein, aiding and abetting one another, did travel in interstate commerce and

15  use any facility in interstate commerce, with intent to promote, manage, establish, carry on,

16  and facilitate the promotion, management, establishment, and carrying on, of any unlawful

17  activity under 18 U.S.C. 1952(b)(i), that is prostitution offenses punishable under the laws

18  of the State of Nevada pursuant to Nevada Revised Statutes 201.295, 201.300, 201.301,

19  and 201.320, and Money Laundering under 18 U.S.C. §§ 1956 and 1957, and thereafter

20  performed and attempted to perform such unlawful activity in violation of the laws of the

21  State of Nevada, all in violation of Title 18, United States Code, Sections 1952(a)(1),

22  1952(a)(3)(A), and 2.

23

24

## COUNT THREE
Wire Fraud
(18 U.S.C. § 1343)

Beginning on a date unknown, and continuing to on or about December 28, 2022, in the State and Federal District of Nevada,

**HUA XIAO,**
**aka, "Ashley,"**

defendant herein, participated in and devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises.

The purpose of the scheme and artifice to defraud was to obtain approval for a mortgage loan to enable and facilitate the purchase of real property by submitting a loan application and supporting documents that contained material misrepresentations and omissions and misrepresenting the source and nature of defendant's income.

On or about a time unknown, and lasting up and until December 28, 2022, in the State and Federal District of Nevada and elsewhere, defendant, for the purpose of executing the scheme and artifice to defraud, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds including electronic communications and a December 28, 2022 wire-transfer from a financial institution to a title company, funding the desired loan, all in violation of Title 18, United States Code, Section 1343.

## COUNT FOUR
Wire Fraud
(18 U.S.C. § 1343)

Beginning on a date unknown, and continuing to on or about March 11, 2024, in the State and Federal District of Nevada,

**JIANMING LI,**
**aka, "Mia,"**

defendant herein, participated in and devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises.

The purpose of the scheme and artifice to defraud was to obtain approval for a loan secured by an interest in real property owned by defendant by submitting a loan application and supporting documents that contained material misrepresentations and omissions and misrepresenting the source and nature of defendant's income.

On or about a time unknown, and lasting up and until March 11, 2024, in the State and Federal District of Nevada and elsewhere, defendant, for the purpose of executing the scheme and artifice to defraud, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds including electronic communications and a March 11, 2024, wire-transfer from a title company to defendant's personally owned account at a financial institution, the funds representing the desired loan, all in violation of Title 18, United States Code, Section 1343.

5

## FORFEITURE ALLEGATION ONE
### Money Laundering Conspiracy

1.    The allegations contained in Count One of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1).

2.    Upon conviction of the felony offense charged in Count One of this Criminal Indictment,

**HUA XIAO,**
**aka "Ashley,"**
**JIANMING LI,**
**aka "Mia,"**
**CHENG CHENG LIU,**
**aka "Emily,"**
**and**
**JISUP HWANG,**
**aka "Jay,"**
**aka "J,"**

defendants herein, shall forfeit to the United States of America, any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h), or any property traceable to such property:

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1956(h), conspiracy to commit such offenses:

defendants herein, shall forfeit to the United States of America, any property, real or personal, involved in a violation of 18 U.S.C. § 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 18 U.S.C. § 1956(h), or any property traceable to such property:

6

1.   real property located at 953 E. Desert Inn Road, Las Vegas, Nevada

89109, more particularly described as:

That portion of the Northwest Quarter (NW 1/4) of the Northeast Quarter (NE 1/4) of Section 15, Township 21 South, Range 61 East, M.D.B. & M., described as follows:

COMMENCING at the Northeast section corner of Section 15, Township 21 South, Range 61 East, M.D.B. & M.; Thence North 89°55'10" West a distance of 1337.30 feet to a point, said point being the North 1/16 corner of said Section 15;
Thence South 2°13'30" West a distance of 30.02 feet to a point on the South right of way line of Desert Inn Road (60 foot right of way);
Thence North 89°55'10" West along the last mentioned South line a distance of 262.50 feet to the True Point of Beginning;
Thence South 2°13'30" West a distance of 135.00 feet to a point;
Thence North 89°55'10" West a distance of 62.50 feet to a point;
Thence North 2°13'30" East a distance of 135.00 feet to a point;
Thence South 89°55'10" East a distance of 62.50 feet to the True Point of Beginning.

Excepting therefrom that portion as conveyed to Clark County by Deed recorded March 22, 1966 in Book 702 as Instrument No. 564509 of Official Records, and all appurtenances and improvements thereon, APN: 162-15-501-005.

NOTE: The above metes and bounds legal description appeared previously in the document recorded November 12, 2021 in Book 20211112, as Instrument No. 0001671, of Official Records.

2.   real property located at 7180 Grace Estate Ave, Las Vegas, NV 89113,

more particularly described as:

Parcel One:

Lot 82 of the Final Map of MONTESSOURI AND CAMERO – UNIT 2 as shown by map thereof recorded in Book 164 of Plats, Page 91, in the Office of the County Recorder of Clark County, Nevada.

Parcel Two:

A non-exclusive easement for ingress and egress for pedestrian and vehicular traffic as set forth in Declaration of Covenants, Conditions, Restrictions and Easements for MOCA Ranch, a planned community, recorded as Instrument No. 20201215-0002806 of Official Records, Clark County, Nevada, and all appurtenances and improvements thereon, APN: 176-15-613-082.

3.  real property located at 7108 Sunland Hills Ave, Las Vegas, NV 89113,

more particularly described as:

Parcel One:

Lot 17 of the Final Map of MONTESSOURI AND CAMERO – UNIT 1 as shown
by map thereof recorded in book 163 of Plats, Page 1, in the Office of the County
Recorder of Clark County, Nevada.

Parcel Two:

A non-exclusive easement for ingress and egress for pedestrian and vehicular traffic
as set forth in Declaration of Covenants, Conditions, Restrictions and Easements for
MOCA Ranch, a planned community, recorded as Instrument No. 20201215-
0002806 of Official Records, Clark County, Nevada, and all appurtenances and
improvements thereon, APN: 176-15-612-017.

4.  real property located at 8517 Soneto Lane, Las Vegas NV 89117, more

particularly described as:

LOT FOUR (4) IN BLOCK THREE (3) OF VALLEY WEST XI-PHASE 1, AS
SHOWN BY MAP, THEREOF ON FILE IN BOOK 42 OF PLATS, PAGE 9, IN
THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA,
AND ALL APPURTENANCES AND IMPROVEMENTS THEREON, APN:
163-04-110-015.

5.  an in personam criminal forfeiture money judgment as to HUA XIAO,

aka "Ashley," including, but not limited to, at least $246,596.57;

6.  an in personam criminal forfeiture money judgment as to JIANMING

LI, aka "Mia," including, but not limited to, at least $183,865;

7.  an in personam criminal forfeiture money judgment as to CHENG

CHENG LIU, aka "Emily," including, but not limited to, at least

$224,650;

8.  an in personam criminal forfeiture money judgment as to JISUP

HWANG, aka "Jay," aka "J," including, but not limited to, at least

$188,126.99;

     9. any and all property to be identified with the requisite nexus to violations of 18 U.S.C. § 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h) under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); and Fed. R. Crim. P. 32.2(b)(2)(C); and

     10. an in personam criminal forfeiture money judgment including, but not limited to, at least an amount to be calculated under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); and Fed. R. Crim. P. 32.2(b)(2)(C)

(all of which constitutes property).

    3.     If any property subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1), as a result of any act or omission of the defendants-

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants for the property listed above.

All under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1); 18 U.S.C. § 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h); and 21 U.S.C. § 853(p).

### FORFEITURE ALLEGATION TWO
Travel and Use of Facility of Interstate Commerce in Aid of Racketeering Enterprise

1.      The allegations contained in Count Two of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c).

2.      Upon conviction of the felony offense charged in Count Two of this Criminal Indictment,

**HUA XIAO,**
**aka "Ashley,"**
**JIANMING LI,**
**aka "Mia,"**
**CHENG CHENG LIU,**
**aka "Emily,"**
**and**
**JISUP HWANG,**
**aka "Jay,"**
**aka "J,"**

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1952(a)(1) and (a)(3), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense:

1. real property located at 953 E. Desert Inn Road, Las Vegas, Nevada 89109, more particularly described in Forfeiture Allegation One;

2. real property located at 7180 Grace Estate Ave, Las Vegas, NV 89113, more particularly described in Forfeiture Allegation One;

3. real property located at 7108 Sunland Hills Ave, Las Vegas, NV 89113, more particularly described in Forfeiture Allegation One;

4. real property located at 8517 Soneto Lane, Las Vegas NV 89117, more particularly described in Forfeiture Allegation One;

5. an in personam criminal forfeiture money judgment as to HUA XIAO, aka "Ashley," including, but not limited to, at least $246,596.57;

6. an in personam criminal forfeiture money judgment as to JIANMING LI, aka "Mia," including, but not limited to, at least $183,865;

7. an in personam criminal forfeiture money judgment as to CHENG CHENG LIU, aka "Emily," including, but not limited to, at least $224,650;

8. an in personam criminal forfeiture money judgment as to JISUP HWANG, aka "Jay," aka "J," including, but not limited to, at least $188,126.99;

9. any and all property to be identified with the requisite nexus to violations of 18 U.S.C. § 1952(a)(1) and (a)(3) under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(2)(C); and

10. an in personam criminal forfeiture money judgment including, but not limited to, at least an amount to be calculated under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(2)(C)

(all of which constitutes property).

3. If any property subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendants-

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants for the property listed above.

All under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 1952(a)(1) and (a)(3); and 21 U.S.C. § 853(p).

## FORFEITURE ALLEGATION THREE
Wire Fraud

1.      The allegations contained in Count Three of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(2)(A).

2.      Upon conviction of the felony offense charged in Count Three of this Criminal Indictment,

**HUA XIAO,**
**aka, "Ashley,"**

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, or a conspiracy to commit such offense:

1    defendants herein, shall forfeit to the United States of America, any property, real or

2    personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C.

3    § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and

4    1961(1)(B), or a conspiracy to commit such offense:

5    defendants herein, shall forfeit to the United States of America, any property

6    constituting, or derived from, proceeds obtained directly or indirectly, as the result of a

7    violation of 18 U.S.C. § 1343, affecting a financial institution, or a conspiracy to violate:

8    an in personam criminal forfeiture money judgment, including, but not limited to at

9    least $615,571, including:

10        1.    real property located at 7180 Grace Estate Ave, Las Vegas, NV 89113,

11        more particularly described in Forfeiture Allegation One; and

12    (all of which constitutes property).

13    3.    If any property subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28

14    U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(2)(A), as a result of any act or omission of the

15    defendants-

16        a.    cannot be located upon the exercise of due diligence;

17        b.    has been transferred or sold to, or deposited with, a third party;

18        c.    has been placed beyond the jurisdiction of the court;

19        d.    has been substantially diminished in value; or

20        e.    has been commingled with other property which cannot be divided without

21        difficulty;

22    it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture

23    of any other property of the defendants for the property listed above.

24

All under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); 18 U.S.C. § 1344(2); and 21 U.S.C. § 853(p).

## FORFEITURE ALLEGATION FOUR
Wire Fraud

1.      The allegations contained in Count Four of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(2)(A).

2.      Upon conviction of the felony offense charged in Count Four of this Criminal Indictment,

**JIANMING LI,**
**aka, "Mia,"**

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, or a conspiracy to commit such offense:

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense:

defendants herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a violation of 18 U.S.C. § 1344(2), affecting a financial institution, or a conspiracy to violate:

an in personam criminal forfeiture money judgment including, but not limited to, at least $357,575.27

1.   real property located at 7108 Sunland Hills Ave, Las Vegas, NV 89113,

1  more particularly described in Forfeiture Allegation One; and

2  (all of which constitutes property).

3        2.      If any property subject to forfeiture under 18 U.S.C. § 981(a)(1)(C)

4  with 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(2)(A), as a result of any act or omission of

5  the defendants-

6      a.  cannot be located upon the exercise of due diligence;

7      b.  has been transferred or sold to, or deposited with, a third party;

8      c.  has been placed beyond the jurisdiction of the court;

9      d.  has been substantially diminished in value; or

10     e.  has been commingled with other property which cannot be divided without

11        difficulty;

12  it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture

13  of any other property of the defendants for the property listed above.

14     All under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. §

15  982(a)(2)(A); 18 U.S.C. § 1343; and 21 U.S.C. § 853(p).

16     All under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. §

17  982(a)(2)(A); 18 U.S.C. § 1343; and 21 U.S.C. § 853(p).

18     **DATED:** this 15th day of October 2025.

19     **A TRUE BILL:**

20                          /S/
                       FOREPERSON OF THE GRAND JURY

21  SUE P. FAHAMI
Executive Assistant United States Attorney

22

23

STEVEN J. ROSE

24  Assistant United States Attorney